**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL N. KELSEY,

                          Plaintiff,

                                                                                1:21-CV-911
      v.                                                                                 (LEK/DJS)

BRITTNEY KESSEL, *individually and in [her]*
*official capacity as Dutchess County Attorney*,
and "JOHN DOE" GARRITO, *individually and in his*
*official capacity as Town Justice District of the Town*
*of Beekman,*

                          Defendants.

---

**APPEARANCES:**

MICHAEL N. KELSEY
Plaintiff, *Pro Se*
16-A-4286
Hudson Correctional Facility
Box 576
Hudson, New York 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk sent to the Court for review a Complaint filed by *pro se* Plaintiff Michael Kelsey.  Dkt. No. 1.  Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 5, which the Court has granted.

- 1 -

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.*

- 3 -

at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

On July 15, 2020, an arrest warrant was issued charging Plaintiff with criminal contempt in New York State court regarding the alleged violation of orders of protection. Compl. at ¶¶ 20 & 26-27. It appears that the criminal proceedings against Plaintiff are ongoing. Dkt. No. 1-2. The Complaint makes a number of claims regarding the legal basis of the prosecution, including the propriety of the orders of protection in the first instance, whether Plaintiff's alleged conduct constituted a violation of the orders of protection, and whether the decision to prosecute the matter was an abuse of prosecutorial discretion. Compl. at ¶¶ 44-50, 68-83, & 97-132.

### C. Analysis of the Complaint

"The Supreme Court's ruling in *Younger v. Harris*, 401 U.S. 37 (1971), established that a federal court, although it properly has jurisdiction, in the interest of comity, should abstain from hearing a case that would interfere with an on-going state criminal proceeding." *Kunz v. New York State Comm'n on Jud. Conduct*, 356 F. Supp. 2d 188, 192 (N.D.N.Y. 2005).

> The *Younger* Abstention Doctrine provides that federal courts generally must abstain from adjudicating federal claims that involve or call into question ongoing state proceedings. *Younger* abstention is proper when: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.

*Parson v. Barrett*, 2015 WL 5055279, at *2 (N.D.N.Y. May 21, 2015), *report and recommendation adopted*, 2015 WL 5062363 (N.D.N.Y. Aug. 26, 2015). "[D]ismissal or a stay of claims is mandatory when the requirements for *Younger* abstention are satisfied." *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003).

Each of the requirements for *Younger* abstention appears satisfied here. There appear to be ongoing criminal proceedings involving the issues Plaintiff raises in this action. *See*, *e.g.*, Compl. at p. 1; Dkt. No. 1-2 at ¶¶ 8-11 (discussing pendency of criminal proceedings in state court). There is no question that Plaintiff's Complaint seeks to inject this Court into those ongoing proceedings. Compl. at p. 8 (seeking a declaration that "the arrest warrant charging the petitioner with criminal contempt . . . is unenforceable") & p. 19 (seeking a declaration that orders of protection underlying prosecution were "unconstitutionally overbroad on their face"). Next, "New York State has a clear interest in overseeing the prosecution of state criminal charges." *Parson v. Barrett*, 2015 WL 5055279, at *2. Finally, nothing in the record suggests that the challenges Plaintiff makes

in this action to the constitutionality of state law, or the propriety of his prosecution cannot be made to the state courts. *Id.*

Where the grounds for dismissal offer no basis for curing the defects in the pleading, granting leave to amend would be futile. *See Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Here, additional pleading would not alter the basis for dismissal given the pendency of state criminal proceedings and dismissal is warranted.[2]

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHINFOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.

---

[2] To the extent the Court believes dismissal is inappropriate at this juncture, the Court recommends in the alternative that this matter be transferred to the Southern District of New York. Dutchess County, New York is in the Southern District. 28 U.S.C. § 112. Defendants both appear to reside in Dutchess County and the events at issue appear to have occurred there which makes that district the appropriate venue for this proceeding. 28 U.S.C. § 1391(b).

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 21, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge