UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL N. KELSEY,

                              Plaintiff,

        -against-                                    1:21-CV-0911 (LEK/DJS)

BRITTNEY KESSEL, individually and in [her]
official capacity as Dutchess County Attorney,
and "JOHN DOE" GARRITO, individually and in his
official capacity as Town Justice District of the Town
of Beekman,

                              Defendants.

_____

**DECISION AND ORDER**

**I.    INTRODUCTION**

        Plaintiff Michael Kelsey brings this pro se action against Defendant Brittney Kessel, both

individually and in her official capacity as Dutchess County Attorney, and against Defendant

"John Doe" Garrito, both individually and in his official capacity as Town Justice of the Town of

Beekman. Plaintiff commenced this action on August 13, 2021. See Dkt. No. 1 ("Complaint").

On the same day, Plaintiff filed an application to proceed in forma pauperis. Dkt. No. 2. On

August 13, 2021, this IFP Application was denied due to a failure to submit a proper Inmate

Authorization Form. Dkt. No. 4. On August 25, 2021, Plaintiff refiled his application to proceed

in forma pauperis with a proper Inmate Authorization Form. Dkt. Nos. 5, 6. This application was

granted on October 21, 2021. Dkt. No. 8.

        Also on October 21, 2021, the Honorable Daniel Stewart, United States Magistrate Judge,

recommended that Plaintiff's Complaint be dismissed. See Dkt. No. 9 ("Report-

Recommendation and Order") at 6. An objection to the Report-Recommendation and Order was

filed on November 4, 2021. Dkt. No. 10 ("Objection").

 For the reasons discussed below, the Court adopts the Report-Recommendation and

Order with amendments.

## II. BACKGROUND

### A. Factual History

 As described in Plaintiff's Complaint, Plaintiff is barred by a 2016 Order of Protection

from contacting Lenore Duwe. See Compl. at 5. The order, attached as an exhibit to the

Complaint, stems from convictions for "Sexual Abuse 1st, Attempted Sexual Abuse 1st, Forcible

Touching, [and] Endangering the Welfare of a Child (2 Counts)." Dkt. 1-1 at 1. It prohibits

Plaintiff from "communication or any other contact by mail, telephone, email, voice-mail or

other electronic or any other means with . . . Lenore Duwe, directly, indirectly or through any

third person." Id. In March 2020 and June 2020, Plaintiff filed two civil suits against Lenore

Duwe. Compl. at 5–6. To commence each suit, he mailed Duwe a Summons, Verified Complaint

and Supporting Affidavit. Id. Duwe complained to the New York State Police that these mailings

violated the protection order. Id. at 6.

 At the recommendation of the Dutchess County District Attorney's Office, New York

State Police contacted their own Assistant Counsel, inquiring as to whether Plaintiff's mailing of

legal documents to Duwe violated the Order of Protection. Dtk No. 1-1 at 6. The Assistant

Counsel advised that the mailings did violate the Order, implying that Plaintiff could have

complied with the order through the use of a process server. See id. On July 15, 2020, Plaintiff

was charged with two counts of criminal contempt. Compl. at 6. Since that time, Defendant

Brittney Kessel, Assistant District Attorney of Dutchess County, has continued to prosecute these

charges against Plaintiff before Respondent Town Justice "John Doe" Garrito. See id. at 7.

Plaintiff brought this action seeking declaratory relief. Id. at 8. Specifically, Plaintiff

would like the Court to answer the following eight questions:

> Q1: Is there a legal basis for prosecuting the Petitioner under Penal Law 215.50 for allegations of violating an Order of Protection issued under Criminal Procedural Law 530.13?

> Q2: Did Respondent-Defendant Kessle [sic] violate the Petitioner's procedural due process rights when she prosecuted the Petitioner for criminal contempt-2 pursuant to PL 215.50 for allegations of violation [sic] an order of protection issued under CPL 530.13?

> Q3: Was Respondent-Defendant Kessle's [sic] prosecution of the Petitioner under PL 215.50 50  for allegations of violating an order of protection issued under CPL 530.13 considered an abuse of discretion?

> Q4: At the times that Respondent-Defendant Kessle [sic] initiated and maintained prosecution against the Petitioner under PL 215.50 50 for allegations of violating an order of protection issued under CPL 530.13, was it clearly defined that Petitioner had a procedural due process right to notice of the violation and a hearing prior to being subjected to arrest and prosecution?

> Q5: Did the terms of the 2016 Order of Protection exceed the authority of the issuing judge in excess of what the provisions of CPL 530.13 allow?

> Q6: Were the Petitioner's constitutional rights violated by the terms of the 2016 Order of Protection and/or by the provisions of CPL 530.13 based upon overbreadth on their face?

> Q7: Has Respondent-Defendant Kessle's [sic] prosecution of the Petitioner for alleged violations of the 2016 Order of Protection subjected the Petitioner to unconstitutional interference with his rights under the U.S. Constitution such that CPL 530.13 and unconstitutional terms of the order of protection must be deemed unconstitutional as applied to the Petitioner?

3

> Q8: Was it an abuse of Respondent-Defendant's prosecutorial discretion to weaponize the prosecutorial power to arrest the Petitioner in retaliation for asserting his rights under the Constitution in serving legal documents to Lenore Duwe by use of mail? At the times of the Petitioner's arrest and maintenance of the prosecution was it clearly defined that the State may not subject a person to arrest and prosecution for the exercise of speech, expression, petition and access to the courts?

Id. at 8–36.

In his Report-Recommendation and Order, Magistrate Judge Daniel Stewart recommended dismissing Plaintiff's Complaint under the Younger Abstention Doctrine because of Plaintiff's ongoing state criminal case. R. & R. at 5–6. Plaintiff objects to this Report-Recommendation and Order.

## III.   LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "[I]t is established law that a district judge will not

consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." <u>Zhao v. State Univ. of N.Y.</u>, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (internal quotation marks and citation omitted); <u>see also</u> <u>Hubbard v. Kelley</u>, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV.   DISCUSSION

Ordinarily, the <u>Younger</u> Abstention Doctrine provides that federal courts must abstain from adjudicating federal claims that "involve or call into question ongoing state proceedings. <u>Younger</u> abstention is proper when: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." <u>Parson v. Barrett</u>, No. 14-CV-1431, 2015 WL 5055279, at *2 (N.D.N.Y. May 21, 2015), <u>report and recommendation adopted</u>, 2015 WL 5062363 (N.D.N.Y. Aug. 26, 2015). In his Objection, Plaintiff raises two arguments as to why the <u>Younger</u> Abstention Doctrine should not apply here. First, Plaintiff argues that he seeks declaratory relief which is inconsequential to the state court proceeding. Objection at 1. In particular, he argues that <u>Younger</u> is inapplicable because he has not asked the Court to enjoin the state court prosecution. <u>Id.</u> Second, Plaintiff argues that there is an exception to the <u>Younger</u> Abstention Doctrine where a series of prosecutions is brought in bad

faith to retaliate against or deter constitutionally protected activity. Id. at 2. The Court reviews both arguments de novo.

Plaintiff's first argument is unavailing. He cannot circumvent Younger by characterizing the relief he seeks as declaratory. "The Younger doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief; the Supreme Court held in a companion case to Younger that Younger's policy would 'be frustrated as much by a declaratory judgment as it would be by an injunction.'" Kirschner v. Klemons, 225 F.3d 227, 235 (2d Cir. 2000) (quoting Samuels v. Mackell, 401 U.S. 66, 73 (1971)).

Plaintiff contends that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." Objection at 1 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976)). He further cites Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69 (2013) for the proposition that "[a]bstention is not in order simply because a pending state court proceeding involves the same subject matter." Objection at 1 (quoting Sprint, 571 U.S. at 72). However, neither of these cases support Plaintiff's position. Rather, in both cases the court determined that Younger was inapplicable because the relevant state court proceeding was not a criminal proceeding. Colorado River, 424 U.S. at 816–17 ("We deal here neither with a criminal proceeding, nor . . . a nuisance proceeding, nor a tax collection. We also do not deal with an attempt to restrain such actions or to seek a declaratory judgment as to the validity of a state criminal law under which criminal proceedings are pending in a state court."); Sprint, 571 U.S. at 73 ("Circumstances fitting within the Younger doctrine, we have stressed, are exceptional; they include . . . state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders . . . . Because this case presents none of the circumstances the Court has

6

ranked as exceptional, the general rule governs.") (internal quotation marks omitted). Here, there is no question that the state court proceeding is criminal in nature.

Furthermore, despite Plaintiff's claim that the relief he seeks is "inconsequental to the state court proceeding," the Court finds that answering the questions Plaintiff has posed would "involve or call into question ongoing state proceedings." Parson, No. 14-CV-1431, 2015 WL 5055279, at *2. Indeed, Plaintiff admits as much by arguing that the ongoing state prosecution provides this court with subject matter jurisdiction. See Compl. at 5. ("To constitute a justiciable controversy between parties, as needed for action for declaratory relief to accrue, there must be a real dispute between adverse parties, involving substantial legal interest for which a declaration of rights will have some practical effect . . . . The instant matter meets the definition of a justiciable controversy wherein Petitioner and the Respondent-Defendant and Respondent are adversely related to each other in this dispute where prosecution has been initiated and maintained against the Petitioner where Petitioner's future liberty, reputation, and rights have been affected by the charging and prosecution, as well as by threat of a conviction.") (internal quotation marks omitted). As such, Plaintiff's first argument fails.

Plaintiff's second argument presents a closer question. However, the Court finds that Plaintiff has not pled sufficient facts to plausibly allege Defendant Kessel has pursued Plaintiff's prosecution as retaliation for or to deter future constitutionally protected activity. Plaintiff contends that, specifically in his eighth proposed question for declaratory relief, he has pled that the prosecution was brought in bad faith and to "retaliate and punish [him] for exercising [his]

rights under the Constitution, as well as to prevent [him] from future exercise of speech,[1] petition and accessing of the courts." Objection at 2. Indeed, courts have held that "a showing of retaliatory or bad faith prosecution establishes irreparable injury for the purposes of the Younger doctrine" and in such a case "[a]bstention would serve no purpose because a state cannot have a legitimate interest in discouraging the exercise of constitutional rights." Cullen v. Fliegner, 18 F.3d 96, 104 (2d Cir. 1994).

Here, Plaintiff has alleged that "Kessel knew that the mailing of legal documents pursuant to filed lawsuits is constitutionally protected;" that it was an abuse of her discretion to delegate discretion as to whether to prosecute to law enforcement counsel; that Kessel had reason to believe that Duwe's "motivating factor in seeking the Plaintiff's 2020 arrest and prosecution was in retaliation for his filing lawsuit;"[2] and that it was objectively unreasonable[3] for Kessel to "commence[] prosecution proceedings against the Plaintiff in a malicious manner merely to harass him." Compl. at 34–35. Under the facts articulated by Plaintiff, Kessel has certainly

---

[1] The Court notes that, to the extent Plaintiff alleges he faced retaliation for engaging in protected speech, he is mistaken. Courts have made clear that the First Amendment does not prohibit Orders of Protection that completely bar communication with a particular individual, including through the mail. See, e.g., Liddell v. New Jersey Dep't of Corr., No. 12-CV-2669, 2015 WL 6163981, at *5 (D.N.J. Oct. 19, 2015) (holding that even without a court order, a prisoner may be restricted from sending mail to the victims of his crimes and noting that "[t]he public policy underlying such restrictions is even stronger in those cases where the person requesting no contact is the victim of Plaintiff's sexual crimes"). Plaintiff's assertion that an Order of Protection cannot bar him from access to the courts is more novel and the Court declines to address that constitutional question at this time.

[2] The Court notes that Duwe's motivation for requesting Plaintiff's arrest is irrelevant. It is Kessel's motivation in pursuing Plaintiff's prosecution that is at issue here.

[3] Plaintiff's Complaint states that it was "objectively reasonable," but the Court assumes from context that Plaintiff intended to write "objectively unreasonable."

elected to prosecute Plaintiff under an Order of Protection that is plausibly overbroad. However, this alone is not sufficient to avoid <u>Younger</u> Abstention. As the Second Circuit explained in <u>Schlagler v. Phillips</u>, 166 F.3d 439, 442 (2d Cir. 1999), it is not enough that a prosecution arguably deters constitutionally protected activity—such an exception would swallow the <u>Younger</u> rule—rather the exception applies only when "the facts show that the prosecution is in retaliation for past speech or shows a pattern of prosecution to inhibit speech beyond the acts being prosecuted." <u>Id.</u> at 443.

Here, Plaintiff acknowledges that the Order of Protection prohibited sending mail to Duwe, Compl. at 22, but contends that because the order violates Plaintiff's constitutional rights, Kessel's attempt to enforce the order was brought in bad faith. While Plaintiff may have alleged facts suggesting that Kessel referred state police to their own counsel, the fact that she ultimately pursued a course of action consistent with the counsel's advice is hardly evidence of bad faith or retaliation. Plaintiff provides only the conclusory allegation that Kessel "knew" the mailings were constitutionally protected and that it was "objectively unreasonable" for her to pursue the prosecution.[4] Without more, the Court declines apply an exception to <u>Younger</u> Abstention.

In his Report-Recommendation and Order, Magistrate Judge Stewart concluded that under the <u>Younger</u> Abstention Doctrine, "additional pleading would not alter the basis for dismissal given the pendency of state criminal proceedings." R. & R. at 6. As such, he did not recommend granting Plaintiff leave to amend his Complaint. <u>Id.</u> However, after considering

---

[4] Plaintiff attempts to bolster his allegations by reference to exhibits attached to his Objection. However, because these exhibits were not part of the record presented to the Magistrate Judge on Defendant's Motion, the Court declines to consider them. <u>See, e.g.,</u> <u>Purdie v. Conners</u>, No. 09-CV-0971, 2012 WL 1097321, at *5 (N.D.N.Y. Mar. 30, 2012).

Plaintiff's Objection, the Court finds that were Plaintiff to plead sufficient facts to plausibly allege that Defendant Kessel pursued Plaintiff's prosecution as retaliation for or to deter future constitutionally protected activity, his complaint might avoid dismissal. As such, Plaintiff's Complaint is dismissed without prejudice and with leave to amend within thirty (30) days of this Order.

## V.      CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 9) is **APPROVED and ADOPTED** as modified by this opinion; and it is further

**ORDERED**, that the Court **DISMISS WITHOUT PREJUDICE and WITH LEAVE TO AMEND** Plaintiff's Complaint (Dkt. No. 1); and it is further

**ORDERED**, that in the event Plaintiff fails to file an amended complaint **within thirty (30) days** of the filing date of this Order, the Clerk shall enter judgment dismissing this action due to Plaintiff's failure to comply with the terms of this Order, without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      November 12, 2021
            Albany, New York

Lawrence E. Kahn
U.S. District Judge